Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of nylon gloves and mittens similar in use to cotton gloves and mittens and following the principles set forth in *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), the claim of the plaintiffs was sustained.

No. 67690.—General Shipping & Trading Co. and United Gloves, Inc. v. United States, protests 298877-K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of nylon gloves similar in use to silk gloves and following the principles set forth in *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), the claim of the plaintiffs was sustained.

No. 67691.—The Beton Co. and Castelazo & Associates v. United States, protest 300335-K(A) (Los Angeles).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of nylon yarn similar in all material respects to that involved in Abstract 64033, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, MAY 7, 1963

No. 67692.—Moscahlades Bros., Inc. v. United States, protests 60/26096 and 61/12704 (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the proper basis for converting the weight in pounds to gallons is 6.5 pounds per gallon, the collector was directed to reliquidate the entries accordingly.

No. 67693.—Moscahlades Bros., Inc. v. United States, protests 62/9388 and 62/15913 (Los Angeles).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the proper basis for converting the weight in pounds to gallons is 6.5 pounds per gallon, the collector was directed to reliquidate the entries accordingly.

**No. 67694.**—Brauner & Co. *v.* United States, protest 61/11695 (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise is of American manufacture and that the applicable customs regulations have now been complied with, the claim of the plaintiff was sustained. *C. J. Tower & Sons* v. *United States* (33 Cust. Ct. 14, C.D. 1628) and *Berrand Freres, Inc., et al.* v. *United States* (47 Cust. Ct. 155, C.D. 2296), followed.

**No. 67695.**—National Silver Company *v.* United States, protests 61/4830 and 61/4831 (San Francisco).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of decorative after-dinner cups and saucers the same in all material respects as those the subject of *United States* v. *The Baltimore & Ohio R.R. Co. a/c United China & Glass Company* (47 CCPA 1, C.A.D. 719), the claim of the plaintiff was sustained.

**No. 67696.**—Gimbel Bros., Inc. *v.* United States, protest 62/3979 (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of Rockingham earthenware similar in all material respects to that the subject of *Justin Tharaud & Son, Inc., et al.* v. *United States* (44 Cust. Ct. 216, C.D. 2177), the claim of the plaintiff was sustained.

**No. 67697.**—Kobrand Corp. *v.* United States, protest 60/26425 (New York).

Opinion by JOHNSON, J.   It was stipulated that the facts and issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 CCPA 112, C.A.D. 351) and that the quantities reported